IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT JOHNSON, | ) | |
| | ) | 2:06-cv-1688-GEB-EFB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>STATUS (PRETRIAL</u> |
| | ) | <u>SCHEDULING) ORDER</u> |
| CAROLYN SLOBE, | ) | |
| | ) | |
| Defendant.* | ) | |

The status (pretrial scheduling) conference scheduled in this case for January 16, 2007, is vacated since the joint status report submitted by the parties obviates the need for the conference. The following Order issues based on the parties' joint status report and available dates.

<u>DISMISSAL OF DEFENDANT NANCY JAMES</u>

On October 6, 2006, Plaintiff filed a status report requesting this Court to continue the Status Conference previously scheduled for October 23, 2006, since Plaintiff had not yet perfected service of process on Defendants. (Plaintiff's Oct. 6, 2006 Status

---

* The caption has been amended according to the <u>Dismissal of Defendant Nancy James</u> portion of this Order.

1

Report at 2.)  On October 13, 2006, this Court issued an Order continuing the Status Conference to January 16, 2007.  The October 13 Order also stated that "[i]f a defendant is not served by November 28, 2006, said defendant could be dismissed from this action under Federal Rule of Civil Procedure 4(m).  As to such a defendant, Plaintiff shall show cause no later than 4:00 p.m. on December 5, 2006, why this action should not be dismissed for failure to serve Defendant within Rule 4(m)'s 120-day time period."  (Oct. 13, 2006 Order at 1-2.)

On November 30, 2006, Plaintiff filed a response to the October 13 Order, in which he indicated that "Carolyn Slobe was served on November 16, 2006."  Plaintiff further indicated that Ms. Slobe's attorney, Stephen J. Lemmon, stated "that the other Defendant, Nancy James was deceased; that Ms. James' interest in the property had passed to Steven James; that he was attempting to induce the leasees to defend Ms. Slobe and Mr. James; and that if the leasees didn't file an [sic] responsive pleading for Ms. Slobe and Mr. James by December 15, 2006, he would."  (Plaintiff's Response to Oct. 13, 2006 Order at 2.)

On December 29, 2006, the parties filed a Joint Status Report, which indicated that "[t]he *only* Defendant will file an Answer by January 10, 2006."  (Dec. 29, 2006 Joint Status Report at 1 (emphasis added).)  Since Plaintiff has indicated that only one Defendant remains in this action, and Plaintiff has not shown cause why Defendant Nancy James should not be dismissed from this action under Federal Rule of Civil Procedure 4(m), Defendant Nancy James is hereby dismissed without prejudice.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to

2

pleadings is permitted, except with leave of Court, good cause having been shown.

## DISCOVERY

All discovery shall be completed by March 19, 2008.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before October 19, 2007, and with the rebuttal expert disclosures authorized under the Rule on or before November 19, 2007.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be May 19, 2008, at 9:00 a.m.[3]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion</u>

---

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  <u>See</u> Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case.  A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[3] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  summarily.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
2  Further, failure to timely oppose a summary judgment motion may result
3  in the granting of that motion if the movant shifts the burden to the
4  nonmovant to demonstrate a genuine issue of material fact remains for
5  trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

6      Absent highly unusual circumstances, reconsideration of a
7  motion is appropriate only where:

8      (1)  The Court is presented with newly discovered evidence
9  that could not reasonably have been discovered prior to the filing of
10 the party's motion or opposition papers;

11     (2)  The Court committed clear error or the initial decision
12 was manifestly unjust; or

13     (3)  There is an intervening change in controlling law.
14 A motion for reconsideration based on newly discovered evidence shall
15 set forth, in detail, the reason why said evidence could not
16 reasonably have been discovered prior to the filing of the party's
17 motion or opposition papers.  Motions for reconsideration shall comply
18 with Local Rule 78-230(k) in all other respects.

19     The parties are cautioned that an untimely motion
20 characterized as a motion in limine may be summarily denied.  A motion
21 in limine addresses the admissibility of evidence.

22                 FINAL PRETRIAL CONFERENCE

23     The final pretrial conference is set for July 21, 2008, at
24 1:30 p.m.  The parties are cautioned that the lead attorney who WILL
25 TRY THE CASE for each party shall attend the final pretrial
26 conference.  In addition, all persons representing themselves and
27 appearing <u>in propria persona</u> must attend the pretrial conference.
28

1       The parties are warned that <u>non-trialworthy issues could be</u>
2  <u>eliminated *sua sponte*</u> "[i]f the pretrial conference discloses that no
3  material facts are in dispute and that the undisputed facts entitle
4  one of the parties to judgment as a matter of law." <u>Portsmouth Square</u>
5  <u>v. Shareholders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).
6       The parties shall file a <u>JOINT</u> pretrial statement with the
7  Court not later than seven (7) days prior to the final pretrial
8  conference.[4]  The joint pretrial statement shall specify the issues
9  for trial.  The Court uses the parties' joint pretrial statement to
10 prepare its final pretrial order and could issue the final pretrial
11 order without holding the scheduled final pretrial conference.  <u>See</u>
12 <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
13 requirement that the court hold a pretrial conference.").  The final
14 pretrial order supersedes the pleadings and controls the facts and
15 issues which may be presented at trial.  Issues asserted in pleadings
16 which are not preserved for trial in the final pretrial order cannot
17 be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
18 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
19 pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
20 <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
21 issue omitted from the pretrial order is waived, even if it appeared
22 in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
23 (D.D.C. 1995) (refusing to modify the pretrial order to allow

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

5

assertion of a previously-pled statute of limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial is set for October 21, 2008, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated: January 8, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge